IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Christopher Spelman and Allan Innis, on behalf of themselves and all others similarly situated, )<br><br>Plaintiffs, )<br><br>v. )<br><br>Bayer Corporation and Bayer Healthcare, LLC, )<br><br>Defendants. )<br>_____ ) | C.A. No. 7:10-cv-00091-JMC<br><br>**OPINION AND ORDER** |

This matter is before the court on Defendants Bayer Corporation and Bayer Healthcare, LLC's (collectively, "Bayer") Motion to Dismiss Count I of Plaintiffs' First Amended Complaint [Doc. 43] ("Second Motion to Dismiss"). Based upon the record before the court, Bayer's Motion to Dismiss is granted.

**FACTUAL BACKGROUND**

Plaintiffs Christopher Spelman and Allan Innis originally filed this putative class action against Bayer Corporation and Bayer HealthCare, LLC alleging that Bayer made false statements in advertising for two different multivitamin products for men, One-A-Day® Men's Health Formula® and One-A-Day® Men's 50+ Advantage® (collectively, the "Supplements"). Based on allegations that Bayer falsely represented that the Supplements were prostate cancer preventatives, Plaintiffs made claims against Bayer alleging violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), fraud, negligence, and unjust enrichment. Additionally, Plaintiff Inniss, a resident of Connecticut, separately brought a claim for violation of the consumer protection statutes of twelve

different states in a purported "subclass" of all class members from those states, none of which included South Carolina.

Bayer filed a Motion to Dismiss Plaintiffs' Complaint [Doc. 16] ("First Motion to Dismiss") on the grounds that the Complaint failed to state a claim under RICO and the various state law causes of action, and that Plaintiffs' claims were barred by the statute of limitations. This court issued an order [Doc. 39] ("Order") on February 22, 2011, granting in part and denying in part Bayer's' First Motion to Dismiss. Specifically, the court denied Bayer's request to dismiss Plaintiffs' claims for fraud/misrepresentation, negligence, and unjust enrichment. Further, the court dismissed Plaintiff Inniss's consumer protection claims with prejudice. Additionally, the court dismissed Plaintiffs' RICO cause of action without prejudice and allowed Plaintiffs to amend their complaint to properly restate their RICO claim.

Plaintiffs filed their Amended Complaint [Doc. 42] on March 24, 2011, in which they sought to correct the deficiencies in their RICO cause of action as noted by the court in its Order. Thereafter, Bayer filed their Second Motion to Dismiss [Doc. 43] primarily on the grounds that Plaintiffs' RICO claim continues to "suffer[] from the same deficiencies as the original claim – that Plaintiffs cannot allege a RICO enterprise that includes persons separate and apart from Bayer, nor can they allege an enterprise that involves "racketeering activity" distinct from the enterprise." Memorandum in Support of Bayer's Motion to Dismiss Count I of Plaintiffs' First Amended Complaint, at 1 [Doc. 43-1].

**STANDARD OF REVIEW**

For a complaint to survive a motion to dismiss, the Federal Rules of Civil Procedure require that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2). Although Rule 8(a) does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, ---U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)), in order to "give the defendant fair notice. . . of what the claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal citations omitted). Stated otherwise, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint alleging facts which are "merely consistent with a defendant's liability. . . stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955) (internal quotation marks omitted).

In evaluating a motion to dismiss, a plaintiff's well-pleaded allegations are taken as true, and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir.1996). The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice. *Tellabs v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950.

3

**DISCUSSION**

Bayer argues that Count I of Plaintiffs' First Amended Complaint fails to correct the deficiencies outlined by the court in its previous Order dismissing Plaintiffs' RICO claims against Bayer. Particularly, Bayer contends that Plaintiffs have failed to adequately allege a RICO enterprise that includes persons separate and apart from Bayer, and have failed to allege an enterprise that involves "racketeering activity" distinct from the enterprise.[1]

Plaintiffs bring their RICO claim against Bayer pursuant to 18 U.S.C. § 1962(c). Under section 1962(c), it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity. . . ." *Id*. In a section 1962(c) claim, there must be a distinction between the "person" alleged to have violated the section and the "enterprise" through which the violation occurred. *See New Beckley Mining Corp. v. Int'l Union, United Mine Workers of America*, 18 F.3d 1161, 1163 (4th Cir. 1994) (citing *United States v. Computer Sciences Corp.*, 689 F.2d 1181, 1190 (4th Cir. 1982), *overruled on other grounds by*, *Busby v. Crown Supply, Inc.*, 896 F.2d 833, 841 (4th Cir. 1990) (reaffirming the court's view that section 1962(c) claims require the "person" and the "enterprise" to be separate.)); *see also Dtex, LLC v. BBVA Bancomer*, 405 F. Supp. 2d 639, 649 (D.S.C. 2005), *aff'd*, No. 06–1127, 214 Fed. Appx. 286, 2007 WL 173711 (4th Cir. Jan.17, 2007).

---

[1] Bayer's motion focuses only on the allegations that Plaintiffs' First Amended Complaint fails to state separateness between the RICO person and the RICO enterprise and fails to state distinctness between the pattern of racketeering activity and the RICO enterprise. The court only addresses these two issues and directs the parties to its previous Order for a more detailed discussion of the requirements in properly stating a RICO action.

In their original Complaint [Doc. 1], Plaintiffs named two defendants, Bayer Corporation and Bayer HealthCare, LLC, identifying both as the RICO "persons" in the alleged racketeering scheme. Plaintiffs further described Bayer as including "any and all parents, subsidiaries, affiliates, divisions, franchises, partners, joint venturers, and organizational units of any kind, their predecessors, successors and assigns and their officers, directors, employees, agents, representatives." Complaint ¶ 12. In their First Amended Complaint [Doc. 42], Plaintiffs have modified their description of Bayer. Plaintiffs now describe Bayer as the two named defendants and "any and all parents and subsidiaries." Plaintiffs also confine Bayer's actions to only those of its "officers, directors, and employees within the scope of employment" and note that Bayer is "engaged in the business of developing, designing, licensing, manufacturing, labeling, distributing, selling, marketing, and/or introducing Men's Multis into interstate commerce throughout the United States." Amended Complaint, at ¶¶ 11-13 [Doc. 42].

Additionally, in describing the RICO enterprise, Plaintiffs originally stated, "The Men's Multis DTC Enterprise is an association-in-fact within the meaning of 18 U.S.C. § 1961(4), consisting of Bayer, the advertising agency BBDO, other advertising agencies and marketing firms, web designers, and other third parties with whom Bayer associated to market Men's Multis to consumers." Complaint, at ¶ 80. Plaintiffs have now amended their description to allege that the RICO enterprise consists of the Direct-to-Consumer Marketing Enterprise (the "DTC Enterprise"), "an association-in-fact within the meaning of 18 U.S.C. § 1961(4) created for the common purpose of gaining revenue from marketing Bayer products regardless of whether the claims made about those products are true." Amended Complaint, at ¶¶ 70 and 71. Plaintiffs allege that the members of the DTC Enterprise include Bayer, the marketing agency BBDO Worldwide, and various other

unnamed marketing and advertising agencies. *Id*. at ¶¶ 70-80. Plaintiffs further describe each marketing agency member of the enterprise as a third-party that creates marketing material for Bayer, but not otherwise affiliated with Bayer and not an agent of Bayer. *Id*.

Despite Plaintiffs' efforts to artfully plead the persons and enterprise in their First Amended Complaint, the court determines that Plaintiffs still fail to articulate the distinction between Bayer as the RICO "person" and the DTC Enterprise. Although Plaintiffs make a legal conclusion that the marketing agency members of the DTC Enterprise are not "agents" of Bayer, the factual allegations in the First Amended Complaint merely indicate that the marketing agencies created materials based on Bayer's representations at Bayer's direction. *See* Amended Complaint, at ¶ 25 ("Specifically, Bayer associated with the marketing agency BBDO Worldwide, along with other marketing and advertising agencies, to develop media content to disseminate **Bayer's false and deceptive representations** about Men's Multis) and ¶ 74 (" The DTC Enterprise takes **Bayer's marketing messages** and develops television ads, radio ads, website content, and other media content to disseminate those marketing messages to consumers.") Nothing in the complaint indicates that the marketing agencies, or the DTC Enterprise, undertook any function independent of Bayer's direction or separate from Bayer's own business of marketing its products. *See Bessette v. Avco Fin. Servs. Inc.*, 230 F.3d 439, 449 (1st Cir. 2000) (finding the enterprise and person distinction insufficient where the alleged enterprise was merely a subsidiary of the RICO defendant through which the RICO defendant conducted its ordinary business affairs); *Dirt Hogs Inc. v. Natural Gas Pipeline Co. of Am.*, 210 F.3d 389, *3 (Table) (10th Cir. 2000) (finding a RICO claim insufficient where the plaintiff simply alleged the existence of an association-in-fact enterprise consisting of nothing more than the corporate defendant and others associated with the corporate defendant for the purpose of conducting

the corporate defendant's business); and *Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A.*, 30 F.3d 339, 344 (2d Cir.1994) (noting that the distinctness requirement of RICO may not be circumvented "by alleging a RICO enterprise that consists merely of a corporate defendant associated with its own employees or agents carrying on the regular affairs of the defendant").[2]

Furthermore, the enterprise must not be defined by the pattern of racketeering activity, but must exist separate and apart from the pattern of racketeering activity in which it engages. *United States v. Turkette*, 452 U.S. 576, 583 (1981). The racketeering activity alleged by Plaintiffs continues to only consists of the marketing of Bayer products which is the same as that activity alleged to be the indicia of the DTC Enterprise.

Accordingly, Plaintiffs have neither stated a distinction between the "enterprise" and the "person" nor a distinction between the "enterprise" and the "pattern of racketeering activity."

---

[2] Plaintiffs rely on various cases in support of their arguments that they have met the pleading requirement simply by alleging that the enterprise consisted of entities that are legally separate from the corporate defendant. However, each of the cases cited by Plaintiffs is distinguishable from the case at hand because the complaints in those cases included, at least, some allegations of conduct by the separate legal entities that was independent of the mere execution of the corporate defendant's ordinary business affairs. *See AARP v. Am. Family Prepaid Legal Corp., Inc., d/b/a Am. Family Legal Plan,* 604 F. Supp. 2d 785 (M.D.N.C. 2009) (explaining that the distinctiveness requirement in pleading a RICO claim may be met where the allegations include sufficient information indicating the independent roles of the members of the enterprise in developing the racketeering scheme); *In re Schering-Plough Corp. Intron/Temodar Class Action*, No. 2:06-cv-5774, 2009 WL 2043604, at *30 (D.N.J. July 10, 2009) (finding that the plaintiff met the distinctiveness requirement in pleading the RICO claim because the plaintiff's complaint included allegations regarding the specific and significant roles of the associated marketing firms had in developing the racketeering scheme); *District 1199P Health & Welfare Plan v. Janssen, L.P.*, No. 06-3044, 2008 WL 5413105, at *10 (D.N.J. 2008) (noting, in dicta, that the plaintiff sufficiently alleged the general existence of an enterprise where the plaintiff simply implied the associated marketing firms knowingly participated in the racketeering scheme); and *In re Neurontin Mktg., Sales Practices and Prods. Liab. Litig.*, 433 F. Supp. 2d 172, 183 (D. Mass. 2006) (finding that the plaintiffs sufficiently alleged systematic linkages to implicate the marketing firms' active involvement in the racketeering scheme to adequately support the existence of an enterprise in the RICO claim).

7

Therefore, Plaintiffs have failed to state a RICO claim against Bayer, and Count I of their First Amended Complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, Bayer's Motion to Dismiss [Doc. 43] is **GRANTED**. Plaintiffs' Racketeer Influenced and Corrupt Organizations Act cause of action is dismissed with prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

Greenville, South Carolina
October 19, 2011